UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

THE TRAVELERS INDEMNITY COMPANY,

      Plaintiff,

v.

FLOOD DAMAGE RESTORATION, LLC,

      Defendant.

---

## COMPLAINT

---

Plaintiff The Travelers Indemnity Company ("Travelers") files this Complaint against Defendant Flood Damage Restoration, LLC ("Defendant") and alleges as follows, upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters.

### <u>NATURE OF THE CASE</u>

1. This is an action for trademark infringement under 15 U.S.C. § 1114(1), trademark infringement and false designation of origin under 15 U.S.C. § 1125(a), trademark dilution under 15 U.S.C. § 1125(c), deceptive trade practices under Col. Rev. Stat. § 6-1-101 *seq.*, and common law trademark infringement, unfair competition, and misappropriation. Travelers' claims arise out of Defendant's infringement and dilution of Travelers' famous trademarks TRAVELERS, the Travelers umbrella logo , and the composite mark  (collectively, the "Travelers Marks") that Travelers and its predecessors in interest

have used for decades in connection with insurance and insurance-related products and services, including claims services.

2.      Defendant is making unauthorized use of the Travelers Marks to promote and sell its water damage repair and restoration services, and continues to do so despite multiple objections from Travelers. As detailed below, Defendant's unauthorized use of the Travelers Marks is likely to cause confusion with and to dilute the famous Travelers Marks.

## THE PARTIES

3.      Plaintiff The Travelers Indemnity Company is a corporation of the State of Connecticut with a principal place of business at One Tower Square, Hartford, Connecticut 06183.

4.      Defendant Flood Damage Restoration, LLC is a Colorado limited liability company with an address of 1012 Aspen Place, Pueblo, Colorado 81006.

## JURISDICTION AND VENUE

5.      This action arises under the federal Trademark Act, 15 U.S.C. § 1051, *et seq*., and the related laws of the State of Colorado. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b). Further, this Court has supplemental jurisdiction over Travelers' state-law claims pursuant to 28 U.S.C. § 1367(a) because those claims are substantially related to Travelers' federal claims and arise out of the same operative facts.

6.      This Court has personal jurisdiction over Defendant and venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is a resident of this District and has its principal place of business in this District, and a substantial part of the acts or

omissions giving rise to the claims occurred and are occurring in this District. Venue is also proper because Defendant is subject to personal jurisdiction in this District.

## TRAVELERS, ITS INSURANCE PRODUCTS AND SERVICES, AND ITS FAMOUS TRADEMARKS

7.     Travelers has been in the insurance business for more than 160 years.

8.     Travelers has long been one of the leading providers of a variety of personal and commercial insurance products and services to individuals, businesses, and organizations in the United States. Travelers is one of the top three writers of personal property and casualty insurance through independent agents in the United States, including #1 in homeowners insurance. Travelers is also the largest writer of both commercial multi-peril insurance and workers compensation insurance in the United States. Travelers has approximately 30,000 employees as of December 31, 2019.

9.     Travelers' products and services are sold in all 50 states through its independent agents and brokers, exclusive agents and brokers, direct marketing (including toll-free telephone numbers and Internet websites), and/or salaried employees. Travelers has relationships with more than 13,500 independent agents and brokers selling Travelers' insurance products and services in the United States, and has had a similar number of independent agents and brokers for many years. There are 279 independent agents and brokers in Colorado that sell Travelers' insurance products and services in over 700 locations. Travelers also has approximately 750 employees in Colorado, including in Travelers' field office in Colorado Springs.

10.    Travelers has been a Fortune 500 company since 1995. Travelers is the only property and casualty insurance company included in the Dow Jones Industrial Average, the

stock market index that tracks the performance of 30 of the largest corporations in America. Travelers has been a part of the Dow Jones Industrial Average since June 2009.

11.     For more than a century, Travelers has used the TRAVELERS trademark and trade name for providing insurance products and services, including the underwriting and issuing of property and casualty insurance and related claims services. For decades, Travelers has also used the umbrella trademark shown below and variations thereof as its corporate logo and trademark for providing its insurance products and services. The Travelers umbrella trademark has been in continuous use for insurance services since as early as 1960 by Travelers and its predecessors-in-interest to the mark.



12.     Travelers uses the Travelers umbrella trademark alone and together with its TRAVELERS trademark and tradename, including since as early as 2007 in the stylized composite format shown below.

**TRAVELERS**

13.     The trademarks alleged in Paragraphs 11 and 12 above are collectively referred to as the "Travelers Marks."

14.     As part of its insurance claims services, Travelers has a vast network of approved third-party service providers and vendors for dealing with property insurance claims, including remediation and restoration contractors. Travelers maintains a database of authorized service providers on its website at www.travelers.com, which insureds can search to find an approved service provider by ZIP CODE, as shown below.



## Find a Service Provider Near You

Find a skilled, reputable service provider to repair your car or home, or to provide medical care.

**STEP 1**

**What type of services are you looking for?**

○ Auto repair shops

● Emergency property services

○ Medical providers

**STEP 2**

Select the type of emergency property service.

You always have the right to choose your emergency property vendor.

**SERVICE TYPE**

○ Board up services
  Professionals secure your property by putting wood boards over broken windows and doors.

○ Cleaning services
  Specialized cleaning services for your home or business after a loss.

○ Dry cleaning services

     15.      Travelers' approved service providers and claim vendors submit to thorough background checks and agree to various criteria including, but not limited to, maintaining proper licenses and insurance, providing a warranty to the insured for work performed, and promptly responding to and resolving customer complaints. As a condition to becoming an approved claim vendor, all prospective claim vendors must agree during the application process to refrain from using any of Travelers' trademarks without the express prior written consent of Travelers.

     16.      In addition to its strong common law rights in the Travelers Marks based on use of those marks for decades, Travelers owns, among others, the following valid and subsisting United States trademark registrations for marks comprised of or containing the Travelers Marks:

| Mark/ Registration & Use Information | Goods/Services |
|---|---|
| TRAVELERS<br><br>Reg. No. 1611053<br>Reg. Date: 08-28-1990<br>App. Date: 06-29-1988<br>First Use: as early as 1865 | Direct mail marketing for insurance agents, promoting the sale of goods and/or services of others by advertising campaigns, counseling in regard to cost management, and rehabilitation services, namely, cost control and job placement services in Class 35 (First use: February 1978)<br><br>Underwriting and administering services for commercial, personal and group insurance, fidelity, surety and guaranty bonding services, credit card services, and counseling services in regard to insurance claim administration in Class 36 (First use: March 1, 1865)<br><br>(Among other goods and services in Classes 16, 28, 38, 41, and, 42) |
| <br>Reg. No. 1161313<br>Reg. Date: 07-14-1981<br>App. Date: 12-19-1979<br>First Use: 1961 | Underwriting casualty, fire, marine and inland marine insurance services; fidelity, surety and guaranty bonding services; agency and brokerage services in connection with the preceding named services, and counseling in regard to accident prevention in Class 36 |
| <br>Reg. No. 3417048<br>Reg. Date: 04-29-2008<br>App. Date: 03-15-2007<br>First Use: 1961 | Insurance underwriting services in the fields of property and casualty, fire, allied lines, farmowners multiple peril, homeowners multiple peril, commercial multiple peril, ocean marine, inland marine, earthquake, workers' compensation, other liability, product liability, private passenger auto liability, commercial auto liability, auto physical damage, fidelity, surety, burglary and theft, boiler and machinery, and reinsurance; insurance claims services and administration; insurance claims processing insurance claims adjusting; insurance agency and brokerage services, namely, policyholder services and services to agents and brokers;  providing information in insurance matters risk management and risk management consultation in Class 36 |

| Mark/ Registration & Use Information | Goods/Services |
|---|---|
| <br><br>Reg. No. 3417049<br>Reg. Date: 04-29-2008<br>App. Date: 03-15-2007<br>First Use: 1961 | Insurance underwriting services in the fields of property and casualty, fire, allied lines, farmowners multiple peril, homeowners multiple peril, commercial multiple peril, ocean marine, inland marine, earthquake, workers' compensation, other liability, product liability, private passenger auto liability, commercial auto liability, auto physical damage, fidelity, surety, burglary and theft, boiler and machinery, and reinsurance; insurance claims services and administration; insurance claims processing; insurance claims adjusting; insurance agency and brokerage services, namely, policyholder services and services to agents and brokers; providing information in insurance matters; risk management and risk management consultation in Class 36 |
| <br><br>Reg. No. 3494647<br>Reg. Date: 09-02-2008<br>App. Date: 04-02-2007<br>First Use: 02-27-2007 | Promoting the sale of goods and/or services of others through the development and distribution of printed material; direct mail marketing services for others in the field of insurance; business counseling in regard to cost management; employment rehabilitation services, namely, medical cost control management, business consultation in the field of workers' compensation, employee benefits and employment return-to-work placement services in Class 35<br><br>Insurance underwriting services in the fields of property and casualty, fire, allied lines, farmowners multiple peril, homeowners multiple peril, commercial multiple peril, ocean marine, inland marine, earthquake, workers' compensation, other liability, product liability, private passenger auto liability, commercial auto liability, auto physical damage, fidelity, surety, burglary and theft, boiler and machinery, and reinsurance; claims adjustment in the field of insurance;  insurance claims processing and administration; risk control and loss prevention consultation; risk control and loss prevention services, namely, risk management; electronic processing of insurance claims; insurance agency and brokerage services, namely, policyholder services and services to agents and brokers; providing information in insurance matters in Class 36 Educational services, namely, providing training programs in the field of insurance in Class 41<br><br>Providing on-line non-downloadable software in the field of insurance in Class 42 |

| Mark/ Registration & Use Information | Goods/Services |
|---|---|
| **TRAVELERS**<br><br>Reg. No. 3494648<br>Reg. Date: 09-02-2008<br>App. Date: 04-02-2007<br>First Use: 02-27-2007 | Promoting the sale of goods and/or services of others through the development and distribution of printed material; direct mail marketing services for others in the field of insurance; business counseling in regard to cost management; employment rehabilitation services, namely, medical cost control management, business consultation in the field of workers' compensation, employee benefits and employment return-to-work placement services in Class 35<br><br>Insurance underwriting services in the fields of property and casualty, fire, allied lines, farmowners multiple peril, homeowners multiple peril, commercial multiple peril, ocean marine, inland marine, earthquake, workers' compensation, other liability, product liability, private passenger auto liability, commercial auto liability, auto physical damage, fidelity, surety, burglary and theft, boiler and machinery, and reinsurance; claims adjustment in the field of insurance, insurance claims processing and administration, risk control and loss prevention consultation; risk control and loss prevention services, namely, risk management; insurance claims and; insurance agency and brokerage services, namely, policyholder services and services to agents and brokers; providing information in insurance matters in Class 36<br><br>Educational services, namely, providing training programs in the field of insurance in Class 41<br><br>Providing on-line non-downloadable software in the field of insurance in Class 42 |
| **TRAVELERS**<br><br>Reg. No. 3991520<br>Reg. Date: 07-12-2011<br>App. Date: 07-06-2009<br>First Use: 02-27-2007 | Insurance underwriting services in the fields of property and casualty, commercial lines, farm, auto commercial, boiler and machinery, commercial multi peril, liability, inland marine, fidelity, surety, crime, workers compensation, property, identity fraud reimbursement, kidnap and ransom, excess and surplus, personal lines, personal auto, homeowners, high valued homeowners, dwelling fire, boat/yacht, personal articles floater, wedding insurance, and reinsurance; insurance claims administration; insurance claims processing; insurance claims adjusting; insurance agency services; providing information in the field of insurance, providing a website with information and resources in the field of insurance; and insurance and insurance-related services in the |

8

| Mark/ Registration & Use Information | Goods/Services |
| --- | --- |
| | nature of loss prevention and risk control management for others in Class 36 |
| **TRAVELERS**<br><br>Reg. No. 3991521<br>Reg. Date: 07-12-2011<br>App. Date: 07-06-2009<br>First Use: 02-27-2007 | Insurance underwriting services in the fields of property and casualty, commercial lines, farm, auto commercial, boiler and machinery, commercial multi peril, liability, inland marine, fidelity, surety, crime, workers compensation, property, identity fraud reimbursement, kidnap and ransom, excess and surplus, personal lines, personal auto, homeowners, high valued homeowners, dwelling fire, boat/yacht, personal articles floater, wedding insurance, and reinsurance; insurance claims administration; insurance claims processing; insurance claims adjusting; insurance agency services; providing information in the field of insurance; providing a website with information and resources in the field of insurance; and insurance and insurance-related services in the nature of loss prevention and risk control management for others in Class 36 |
| <br><br>Reg. No. 4085572<br>Reg. Date: 01-17-2012<br>App. Date: 07-06-2009<br>First Use: 12-31-1961 | Insurance underwriting services in the fields of property and casualty, commercial lines, farm, auto commercial, boiler and machinery, commercial multi peril, liability, inland marine, fidelity, surety, crime, workers compensation, property, personal lines, personal auto, homeowners, boat/yacht, dwelling fire, identity fraud reimbursement, kidnap and ransom, excess and surplus, high valued homeowners, personal articles floater, wedding insurance, and reinsurance; insurance claims administration; insurance claims processing; insurance claims adjusting; insurance agency services; providing information in the field of insurance; providing a website with information and resources in the field of insurance; and insurance and insurance-related services in the nature of loss prevention and risk control management for others in Class 36 |
| <br><br>Reg. No. 4085573<br>Reg. Date: 01-17-2012<br>App. Date: 07-06-2009<br>First Use: 12-31-1961 | Insurance underwriting services in the fields of property and casualty, commercial lines, farm, auto commercial, boiler and machinery, commercial multi peril, liability, inland marine, fidelity, surety, crime, workers compensation, property, personal lines, personal auto, homeowners, boat/yacht, dwelling fire, identity fraud reimbursement, kidnap and ransom, excess and surplus, high valued homeowners, personal articles floater, wedding insurance, and reinsurance; insurance claims administration; insurance claims processing; insurance claims adjusting; insurance agency services; providing information in the field of insurance; providing a website with information and resources in the field of insurance; and |

| Mark/<br>Registration & Use<br>Information | Goods/Services |
|---|---|
| | insurance and insurance-related services in the nature of loss prevention and risk control management for others in Class 36 |
| **TRAVELERS J**<br><br>Reg. No. 4649396<br>Reg. Date: 12-02-2014<br>App. Date: 02-11-2010<br>First Use: 2007 | Financial services, namely, preloaded debit card services for payment of insurance claims in Class 36 |
| **TRAVELERS J**<br><br>Reg. No. 4649397<br>Reg. Date: 12-02-2014<br>App. Date: 02-11-2010<br>First Use: 2007 | Financial services, namely, preloaded debit card services for payment of insurance claims in Class 36 |

Printouts of the details of these registrations are attached as **Exhibit A**.

17.     The registrations listed above constitute *prima facie* evidence of Travelers' ownership of and exclusive rights to use the Travelers Marks in connection with the services recited in the registrations. Moreover, U.S. Reg. Nos. 1,611,053; 1,161,313; 3,417,048; 3,417,049; 3,494,647; 3,494,648; 3,991,520; 3,991,521; 4,085,572; and 4,085,573 are incontestable and constitute *conclusive* evidence of Travelers' ownership of and exclusive rights to use the Travelers Marks in connection with the services recited in those registrations.

18.     Travelers has established considerable and valuable trademark rights and goodwill in the Travelers Marks by virtue of its long use and registration of those trademarks, the substantial promotional and marketing efforts under and in connection with those trademarks and

the expenditure of vast sums for such efforts, the massive sales of products and services offered under those trademarks, and third-party acclaim and attention.

19.     Revenues generated from products and services sold in connection with the Travelers Marks over the years have been substantial, including revenues exceeding $200 billion since 2010 alone. Travelers also had revenues of many billions of dollars in revenue under the Travelers Marks prior to 2010.

20.     Travelers has spent many millions of dollars over the years advertising and promoting its products and services throughout the United States under the Travelers Marks in various media and forms (e.g., television, magazines, newspapers, websites, and sponsorships), including tens of millions of dollars annually for many years.

21.     Travelers has for many years engaged in extensive television advertising prominently featuring the Travelers Marks to promote its insurance and insurance-related products and services, as shown in the examples below. Travelers' television advertisements prominently featuring the Travelers Marks have for years appeared on major national television networks and cable television networks (e.g., ESPN), including during various prime-time television shows, feature films on television, news broadcasts, documentaries, and professional sporting events watched by millions. Between 2011 through November 2018 alone, Travelers' commercials, all of which prominently displayed the Travelers Marks, were broadcast more than 100,000 times in the U.S., with more than 22 *billion* total impressions (i.e., the number of times the commercial is viewed) during that time period.



**1968**



**1991**



**2007**



**2012**

**2010**



**2015**



**2015**



**2016**



**2019**



**2020**

22.    Travelers has prominently displayed the composite mark **TRAVELERS** in television commercials continuously since 2007, including as shown in the above examples.

23.    Travelers has also engaged for many years in extensive online advertising prominently featuring the Travelers Marks to promote its insurance and insurance-related products and services. Travelers prominently displays its Travelers Marks on its own websites,

13

including http://www.travelers.com, on its social media pages (e.g., Facebook, Twitter, YouTube, LinkedIn), and through significant advertising on third-party websites.

24.     Travelers also displays the Travelers Marks on all of its printed marketing materials, including on its insurance policies and consumer communications (e.g., invoices, notices, claims communications, insurance cards) as shown in the examples below, exposing countless consumers to the Travelers Marks.






25.     The Travelers Marks have also been prominently used in connection with high-profile sponsorships for years. For example, since 2007, Travelers has been the title sponsor of the PGA TOUR's annual *Travelers Championship* golf tournament. Through this sponsorship, millions of people are exposed to the Travelers Marks, as it is prominently featured throughout the week-long tournament, including as the tournament's logo; on tee markers, caddy bibs, hospitality tents, and a winner's jacket; and as an immensely-popular floating umbrella-shaped green, as shown in the examples below.



26.     Travelers has also for years been a sponsor of University of Connecticut ("UConn") athletics, including UConn's NCAA Division I football and basketball teams. The UConn women's basketball program is one of the most successful Division 1 programs in the country, winning a record 11 national championships. The UConn men's basketball team has also been very successful, having won four national championships over the years. The Travelers Marks prominently appear at UConn sporting events, including at the football, baseball, and hockey stadiums and arenas as shown in the examples below. These uses of the Travelers Marks

are visible not only to the fans attending these sporting events but also to the countless fans

watching these events on television and through internet streaming.









27.     For many years, Travelers has also been a sponsor of the New York City Ballet

("NYCB"). Performing out of the famed Lincoln Center in New York City, the NYCB is one of

the foremost dance companies in the world, with a roster of extraordinary dancers and an

unparalleled repertory. Among other uses in connection with the NYCB, the Travelers Marks are

prominently displayed on the NYCB home page, in the NYCB theater, including a permanent display, and in NYCB advertisements, as shown in the examples below.







28.     In addition, the Travelers Marks have for many years received extensive unsolicited media attention nationwide, including in many national, regional, and local newspapers, blogs, websites, press releases, and trade journals, among other outlets. Among the countless articles that have been written about Travelers and its insurance and insurance-related products and services, many have specifically recognized the brand recognition, strength, and/or fame of the Travelers Marks by referring to them as either "famous," an "icon of instant recognition," "iconic," or a "signature" logo, among other superlatives. Such media attention of

the Travelers Marks has occurred in leading publications read or viewed by millions of people,

including *The New York Times*, *The Wall Street Journal*, and *Adweek*, to name a few, including

as shown in the examples below.

| DATE | AUTHOR, ARTICLE TITLE, PUBLICATION NAME, EXCERPT |
| --- | --- |
| 12-02-1995 | *Another insurance casualty*, The Economist, "Ultimately, Travelers was able to offer the highest price. **Thanks to its strong brand name and cost-cutting prowess**, it is now in a good position to capitalise on the trends transforming America's troubled property-casualty industry." |
| 05-24-1997 | David Gonzalez, "Criticism Never Rains But It Pours," *The New York Times,* "As corporate logos go, **the red Travelers umbrella ranks with *icons* of instant recognition** like Prudential's rock or Disney's mouse ears. 'It's a beautiful device,' said Tom De Vito, a retired ad man. **'The minute you see the red umbrella, you say Travelers.'**" |
| 09-30-1997 | Allan Sloan, "Buffet's Decision About Salomon Proves Everyone Makes Mistakes," *The Washington Post*, "Consider, if you will, last week's announcement of a $9 billion takeover of Salomon Brothers Inc., the giant investment banking house, by Travelers Group Inc., a financial conglomerate *best known* for its red umbrella logo." |
| 06-08-2006 | Diane Levick, *Travelers In Spotlight; Re-Branding, Ad Campaign Will Raise Hartford's Profile*, Hartford Courant, "The decision to go solo with the Travelers name in U.S. marketing again won praise Wednesday in Hartford. 'I think it's wonderful,' said Robert F. Flynn, executive director of the Insurance and Financial Services Cluster, a state-corporate partnership to foster the industries. '**Travelers is such a renowned name throughout the nation**.'" |
| 06-21-2009 | *Business Wire*, "2009 Travelers Championship Swings into Action," **"[T]he company's *famous logo*, the red umbrella, which is infused throughout the branding** of the tournament…." |
| 12-04-2009 | B. Garcia, "Insurers Learn the Art of the Deal," *The Miami Herald*, "At the Affordable Art Fair in Manhattan, also sponsored by Travelers, the insurer runs a packing station so buyers can ship their new artwork home, wrapped and sealed with packing tape **emblazoned with the Travelers' *signature* red umbrella logo**." |
| 07-16-2010 | S. McClellan, "100 Mil. Travelers Biz Goes to MediaCom," *Adweek*, "**Travelers, whose *iconic* red umbrella logo appears in much of its advertising….**" |

| DATE | AUTHOR, ARTICLE TITLE, PUBLICATION NAME, EXCERPT |
|---|---|
| 10-12-2011 | *Business Wire*, "Travelers Red Umbrella to be Featured at the National Trademark Expo October 14-15," **"Travelers will showcase its *iconic* red umbrella** ...." |
| 06-07-2013 | *South Carolina Bankers Association Selects Travelers as Preferred Provider for State's Community Banks; Travelers SelectOne+® offers flexible, customizable coverage, including for cyber risks*, Business Wire, ""Travelers brings a wealth of benefits to the community bankers who are serving our residents across the state," said Fred Green, President and Chief Executive Officer of the South Carolina Bankers Association. "**I believe their strong brand and comprehensive products offer a tremendous value to our members**."" |
| 08-28-2016 | Natasha Singer, "Jay Fishman, 63; Led Travelers During Financial Crisis," *The New York Times*, "By investing its insurance premiums in more stable vehicles, like fixed-income securities, he helped make **Travelers, known for its *signature* red umbrella logo**, a high-performing financial company." |
| 06-17-2018 | Chris Brodeur, "If You're Going," *The Hartford Courant*, "All the standard handheld fare is offered, headlined by a signature burger that has **the *iconic* red Travelers umbrella** stamped into its bun." |

29.     The renown of the Travelers Marks has also been recognized in a number of books about brands. For example, the book *America's Greatest Brands* (2009) states: "[f]ew promotional images are as iconic as the Travelers red umbrella." And *Iconic America: A Roller Coaster Ride Through the Eye-Popping Panorama of American Pop Culture* by Tommy Hilfiger (2011) says "[t]he red TRAVELERS umbrella is one of the great American business icons. . . ." The Travelers Marks appear in these publications alongside other household brands such as NASCAR, CAMPBELL'S, NFL, SUBWAY, and others.

30.     As a result of Travelers' long and extensive use of the Travelers Marks, and the significant sales, promotion, advertising, third-party acclaim, and commercial success under the marks, each of the Travelers Marks have achieved such widespread public exposure and

recognition that they possess a high degree of inherent and acquired distinctiveness and have been well known and famous among the general consuming public of the United States for many years.

## DEFENDANT'S INFRINGEMENT AND DILUTION OF
## THE FAMOUS TRAVELERS MARKS

31.     According to its website at www.fdrestoration.net, Defendant is a water damage and flood damage restoration company. Defendant is registered to do business in and offers its services to clients in the State of Colorado.

32.     Defendant prominently advertises and promotes on the homepage of its website that it can bill insurance companies on a customer's behalf for Defendant's water and flood damage repair services. In doing so, Defendant makes prominent, unauthorized use of the Travelers Marks as shown below.





33.     Defendant's unauthorized use of the Travelers Marks does much more than is necessary to identify Travelers as an insurance company that Defendant can bill directly on behalf of policyholders. As shown in the example above, rather than identify Travelers in non-descript, plain text as an insurance company that Defendant can bill directly, Defendant uses the exact stylized Travelers Marks to do so. Defendant does so in large, prominent fashion on the homepage of its website and with other insurance company logos, which further increases the

likelihood that consumers will mistakenly assume some endorsement or authorization by Travelers that does not exist.

34.    There is no need for Defendant to display the Travelers Marks in this fashion to convey to the public that Defendant can bill directly on behalf of policyholders. Defendant can do so by simply using "Travelers" in plain, non-stylized text, which is what Defendant has done in the past as shown in the example below of an archived version of Defendant's website.



35.    Defendant's unauthorized use of the Travelers Marks creates the false impression that Defendant is part of Travelers, an approved vendor of Travelers, that Travelers endorses or approves of Defendant or Defendant's services, and/or that Defendant is otherwise affiliated with or connected with Travelers or Travelers' products and services when no such connection, affiliation, or endorsement exists. Consumers are especially likely to believe that such affiliation exists here because Travelers has an extensive claim vendor referral program, including numerous vendors that provide water and flood damage restoration services.

## <u>TRAVELERS' OBJECTIONS AND</u>
## <u>DEFENDANT'S CONTINUED USE OF THE TRAVELERS MARKS</u>

36.     On April 27, 2020, Travelers sent a letter to Defendant by email objecting to Defendant's unauthorized use of the Travelers Marks and asking Defendant to stop such use. Defendant responded the same day refusing to remove the Travelers Marks from Defendant's website.

37.     On April 28, 2020, Travelers again requested via email that Defendant remove the Travelers Marks from its website, informing Defendant that using "Travelers" in non-stylized plain text (as opposed to copies of the stylized Travelers Marks) is sufficient to identify Travelers to Defendant's customers. Defendant responded the same day, stating: "Good try, file your motion. . . . Please do not contact me again, and tell your outside counsel to do the same."

38.     On May 21, 2020, Travelers, through its outside counsel, sent a letter to Defendant again requesting that Defendant cease using the Travelers Marks, and stated once again that Travelers would have no objection to Defendant using "Travelers" in plain text in a truthful manner to state that "Travelers" is one of the insurance companies that Defendant can bill directly on a customer's behalf. Defendant responded the same day refusing to stop using the Travelers Marks, stating "Good try" and "File your motion."

39.     Defendant continues to use the Travelers Marks on its website despite Travelers' multiple objections. Defendant's continued use of the Travelers Marks to advertise and promote its water and flood damage services despite knowledge of Travelers' trademark rights and Travelers' objections demonstrates that Defendant is willfully trading upon the goodwill of Travelers and the Travelers Marks and/or recklessly disregarded, and continues to disregard, Travelers' rights.

40.     Defendant's actions described above are and have been intended to mislead consumers into believing that Defendant is part of Travelers, an approved vendor of Travelers, that Travelers endorses or approves of Defendant or Defendant's services, and/or that Defendant is otherwise affiliated with or connected with Travelers or Travelers' products and services when no such connections, affiliations, or endorsements exist.

## INJURY TO TRAVELERS AND THE PUBLIC

41.     Defendant's actions described above with respect to the unauthorized use of the Travelers Marks have damaged and irreparably injured and, if permitted to continue, will further damage and irreparably injure Travelers, the Travelers Marks, and Travelers' reputation and goodwill associated with the Travelers Marks. Defendant's actions also damage the public's interest in being free from confusion as to the source, sponsorship, and/or affiliation of Defendant's services.

42.     Defendant's unauthorized use of the Travelers Marks is likely to cause confusion, mistake, or deception as to the source or origin of Defendant's services and commercial activities, and is likely to falsely suggest a sponsorship, connection, license, or association of Defendant and/or its services with Travelers and/or Travelers' services.

43.     Defendant's unauthorized use of the Travelers Marks is likely to dilute the distinctiveness of the famous Travelers Marks.

44.     Defendant was aware of Travelers' prior rights in the famous Travelers Marks before using the Travelers Marks and thus Defendant has acted willfully with respect to Travelers' prior trademark rights.

45.     Travelers has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF
### *(Trademark Infringement Under Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(a))*

46.     Travelers repeats and realleges each and every allegation set forth above.

47.     Without Travelers' consent, Defendant used in commerce the Travelers Marks, and continues to use in commerce the Travelers Marks, as described above, which are reproductions, copies, and/or colorable imitations of Travelers' registered marks, as described above, in connection with the offering, sale, and advertising of Defendant's services, which is likely to cause confusion, or to cause mistake, or to deceive, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

48.     The actions of Defendant described above have at all times relevant to this action been willful.

49.     As a direct and proximate result of the actions of Defendant as alleged above, Travelers has been and will continue to be damaged and irreparably harmed.

50.     Travelers has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### *(Trademark Infringement, False Designation of Origin, and Unfair Competition Under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A))*

51.     Travelers repeats and realleges each and every allegation set forth above.

52.     Defendant's use of the Travelers Marks, as described above, is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendant's services and commercial activities, and thus constitutes trademark infringement, false designation of origin, and unfair competition with respect to the Travelers Marks, in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

53.     The actions of Defendant described above have at all times relevant to this action been willful.

54.     As a direct and proximate result of the actions of Defendant as alleged above, Travelers has been and will continue to be damaged and irreparably harmed.

55.     Travelers has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
*(Trademark Dilution Under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c))*

56.     Travelers repeats and realleges each and every allegation set forth above.

57.     Based at least on the inherent and acquired distinctiveness of the Travelers Marks; the duration and extent of use of these trademarks; the commercial success under these trademarks; the duration and extent of advertising featuring these trademarks and the vast sums of money expended on such activities; Travelers' nationwide sales and advertising of its products and services under or featuring these trademarks; the degree of public recognition and media attention of the Travelers Marks; and Travelers' federal registrations of these trademarks, the Travelers Marks have become famous, as that term is used in Section 43(c) of the Lanham Act, and have been famous for many years.

58.     Defendant's use of the Travelers Marks, as described above, all occurring after the Travelers Marks became famous, is likely to dilute the famous Travelers Marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

59.     The actions of Defendant described above have at all times relevant to this action been willful.

60.     As a direct and proximate result of the actions of Defendant as alleged above, Travelers has been and will continue to be damaged and irreparably harmed.

61.     Travelers has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
### *(Common Law Trademark Infringement, Unfair Competition, and Misappropriation)*

62.     Travelers repeats and realleges each and every allegation set forth above.

63.     Defendant's use of the Travelers Marks, as described above, constitute common law trademark infringement, unfair competition, and misappropriation of Travelers' goodwill under the common law of Colorado.

64.     As a direct and proximate result of the actions of Defendant alleged above, Travelers has been and will continue to be damaged and irreparably harmed.

65.     Travelers has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
### *(Violation of Colorado Consumer Protection Act Colo. Rev. Stat. § 6-1-101 et seq.)*

66.     Travelers repeats and realleges each and every allegation set forth above.

67.     Defendant's use of the Travelers Marks, as described above, is likely to deceive customers into believing that Travelers endorses, supports, sponsors, approves, and/or authorizes Defendant's services when Travelers does not, and/or that Defendant is otherwise affiliated with or connected with Travelers or Travelers' products and services, when it is not, and thus constitutes deceptive trade practices in violation of Colorado Rev. Stat. § 6-1-105, *et seq.*

68.     The actions of Defendant described above have at all times relevant to this action been willful, wanton, and in bad faith within the meaning of Colo. Rev. Statute §§ 6-1-113 and 13-21-102.

69.     As a direct and proximate result of the actions of Defendant alleged above, Travelers has been and will continue to be damaged and irreparably harmed.

70.     As a direct and proximate result of the actions of Defendant alleged above, the public has been significantly impacted as actual or potential consumers of Defendant's services.

71.     Travelers has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Travelers prays that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

A.     An Order declaring that Defendant's use of the Travelers Marks constitutes trademark infringement and unfair competition and unfair trade practices, and is likely to dilute the Travelers Marks under federal and/or state law, as detailed above;

B.     An injunction permanently enjoining Defendant and its employees, officers, directors, principals, parents, subsidiaries, affiliates, related companies, and all persons in active concert or participation with any of them:

1.     From using or displaying any of the Travelers Marks including, but not limited to, in connection with any other wording or designs, and from using any other marks, logos, designs, images, designations, or indicators that are confusingly similar to any of the Travelers Marks, or likely to dilute the distinctiveness of any of the Travelers Marks, in any unauthorized manner in connection with any products or services, including without limitation Defendant's water and flood damage services, Defendant's website(s), any other websites or online platforms including social media and apps, promotional and advertising materials and signage (but not enjoining use of "Travelers"

in plain text in a truthful manner to state that "Travelers" is one of the insurance companies that Defendant can bill directly on a customer's behalf);

2.      From representing by any means whatsoever, directly or indirectly, that Defendant, any products or services offered by Defendant, or any activities undertaken by Defendant, are associated or connected in any way with Travelers including, but not limited to, using any of the Travelers Marks or any confusingly similar designs, images, logos, icons, or marks (but not enjoining use of Travelers in plain text in a truthful manner to state that "Travelers" is one of the insurance companies that Defendant can bill directly on a customer's behalf); and

3.      Instructing, assisting, aiding, or abetting any other person or business entity in engaging or in performing any of the activities referred to in subparagraphs B.1 through B.2 above;

C.      An Order directing Defendant to immediately destroy or permanently remove, as applicable, the Travelers Marks from all of Defendant's websites (including, but not limited to, Defendant's www.fdrestoration.net website), third-party websites (including, but not limited to, Defendant's social media pages), advertising, promotional materials, television commercials, videos, signage, posters, displays, brochures, catalogs, newsletters, manuals, forms, stationery, promotional merchandise, print materials, and any other materials and things that bear or display any of the Travelers Marks, or any other designs, images, logos, icons, or marks that are confusingly similar to or likely to dilute any of the Travelers Marks (but not destroying or permanently removing use of "Travelers" in plain text in a truthful manner to state that

"Travelers" is one of the insurance companies that Defendant can bill directly on a customer's behalf);

D.      An Order directing Defendant to immediately cancel all printing and placements of any advertisements, promotional materials, signs, and listings, including directory listings, in any media or format bearing or displaying any of the Travelers Marks, or any other designs, images, logos, icons, or marks that are confusingly similar to or likely to dilute any of the Travelers Marks (but not canceling printing or placements of "Travelers" in plain text in a truthful manner to state that "Travelers" is one of the insurance companies that Defendant can bill directly on a customer's behalf);

E.      An Order directing Defendant to file with this Court and serve on Travelers' attorneys, within thirty (30) days after the date of entry of any injunction, a report in writing and under oath setting forth in detail the manner and form in which it has complied with the injunction;

F.      An Order requiring Defendant to account for and pay to Travelers any and all profits arising from the foregoing acts of infringement, false designation of origin, dilution, and unfair competition, and increasing such profits for payment to Travelers in accordance with 15 U.S.C. § 1117 and other applicable statutes and laws;

G.      An Order requiring Defendant to pay Travelers compensatory damages in an amount as yet undetermined caused by the foregoing acts of infringement, false designation of origin, dilution, and unfair competition, and trebling such compensatory damages for payment to Travelers in accordance with 15 U.S.C. § 1117 and other applicable statutes and laws;

H.     An Order requiring Defendant to pay Travelers compensatory damages in an amount as yet undetermined caused by the foregoing acts of unfair competition and unfair trade practices and trebling such compensatory damages for payment to Travelers in accordance with Col. Rev. Stat. § 6-1-113 and other applicable statutes and laws;

I.     An Order requiring Defendant to pay Travelers' costs and attorney's fees in this action pursuant to 15 U.S.C. § 1117, and other applicable statutes and laws, including Col. Rev. Stat. § 6-1-113; and

J.     Other relief as the Court may deem appropriate.

Dated:  July 30, 2020                    Respectfully submitted,


                                         *s/ Melissa L. Romero*
                                         Carolyn J. Fairless
                                         Melissa L. Romero
                                         WHEELER TRIGG O'DONNELL LLP
                                         370 Seventeenth Street, Suite 4500
                                         Denver, CO 80202
                                         Telephone:   303.244.1800
                                         Facsimile:    303.244.1879
                                         Email:    fairless@wtotrial.com
                                                      romero@wtotrial.com

                                         and

                                         David M. Kelly (Admission Forthcoming)
                                         Jason M. Joyal (Admission Forthcoming)
                                         Hani S. Gazal (Admission Forthcoming)
                                         KELLY IP, LLP
                                         1300 19th Street NW, Suite 300
                                         Washington, D.C. 20036
                                         Telephone:     202. 808-3570
                                         Facsimile:      202.408.4400
                                         Email:    david.kelly@kelly-ip.com
                                                      jason.joyal@kelly-ip.com

                                         Attorneys for Plaintiff,
                                         The Travelers Indemnity Company